IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHARLES MCKINNEY                                                                    PLAINTIFF

vs.                                          Civil No. 3:10-cv-03064

MICHAEL J. ASTRUE                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

    Charles McKinney ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

    Plaintiff filed disability applications on August 2, 2006.  (Tr. 63, 115-123).  In his applications, Plaintiff alleged he was disabled due to depression; arthritis; and pain in his back, shoulder, arms, and knees.  (Tr. 144).  Plaintiff alleged an onset date of March 31, 2003.  (Tr. 115, 120).  These applications were denied initially and again upon reconsideration.  (Tr. 56-59).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 85-101). An administrative hearing was held on June 24, 2008 in Harrison, Arkansas. (Tr. 6-55). Plaintiff was present and was represented by counsel, Kathleen D. Huddleson, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained his GED. (Tr. 15).

On September 17, 2008, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 63-70). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2008. (Tr. 65, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 31, 2003, his alleged onset date. (Tr. 65, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity; borderline intellectual functioning; and osteoarthritis. (Tr. 65-66, Finding 3). The ALJ also determined, however, Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments in the Listings. (Tr. 66, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 66-68, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 10 pounds frequently, 20 pounds occasionally, and to sit/stand/walk for a total of 6 hours each in an 8-hour workday. He cannot reach over with the left dominant hand or arm. He cannot climb scaffolds, ladders, or ropes and cannot work around unprotected heights, dangerous equipment, and machines. He can occasionally climb ramps and stairs and stoop,

>bend, crouch, crawl, kneel, and balance. From a mental standpoint, he is able to perform routine work with superficial contact incidental to work with public and co-workers. Such work has non-complex simple instructions, is learned by rote with few variables, requires little judgment, and supervision is concrete, direct, and specific.

(Tr. 66-68, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any PRW. (Tr. 68-69, Finding 6). The ALJ then evaluated whether there was other work Plaintiff could perform, considering his age, education, RFC, and work experience. (Tr. 69-70, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 47-54, 69-70). The VE testified that a hypothetical person with Plaintiff's limitations would be able to perform the requirements of representative occupations such as machine tender with 1,500 such jobs in Arkansas and 119,000 in the nation; small products assembler with 905 such jobs in Arkansas and 74,000 in the nation; and housekeeper with 1,900 such jobs in Arkansas and 206,000 in the nation. (Tr. 69). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from March 31, 2003 through the date of her decision or through September 17, 2008. (Tr. 70, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 114). *See* 20 C.F.R. § 404.968. On May 11, 2010, the Appeals Council declined to review the ALJ's unfavorable disability determination. (Tr. 1-3). On July 20, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 30, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged

4

in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

Plaintiff argues the following on appeal: (A) the ALJ's decision is not supported by substantial evidence in the record and (B) the ALJ erred by applying the Medical-Vocational Guidelines or the "Grids." ECF No. 7 at 6-14. In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. This Court will address both Plaintiff's arguments for reversal.

    **A.    Substantial Evidence Determination**

In his briefing, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7 at 6-10. Specifically, Plaintiff argues the ALJ improperly evaluated his left arm limitation in determining his RFC, and the ALJ improperly determined he could perform his PRW. *Id.*

In support of his claim that he suffered from a left arm limitation, Plaintiff references only his

testimony and does not reference any medical records. *Id.* His testimony, however, actually supports the ALJ's finding that he could perform a restricted range of light work even with his left arm limitation. (Tr. 30-31). Indeed, during the administrative hearing in this matter, Plaintiff testified that he suffered from a let arm limitation which resulted in pain in his left arm while lifting. *Id.* However, even with this left arm limitation, Plaintiff testified that he was able to work for one to two years as a lumber sorter. (Tr. 31). Furthermore, despite Plaintiff's claim, the ALJ *found* Plaintiff did have a left arm limitation and "cannot reach over with the left dominant hand or arm." (Tr. 66). Thus, this Court finds Plaintiff's argument on this issue does not offer a basis for reversal.

Further, Plaintiff alleges the ALJ erred by finding he retained the capacity to perform his PRW. ECF No. 7 at 6-10. In her opinion, however, the ALJ found Plaintiff *did not* retain the ability to perform his PRW. Specifically, in her opinion, the ALJ noted the following: "[t]he claimant is unable to perform any past relevant work." (Tr. 68, Finding 6). Thus, this Court finds Plaintiff's claim regarding this issue is without merit.

### B.  Evaluation of the Medical-Vocational Guidelines

Plaintiff argues extensively in his briefing that the ALJ erred by applying the Medical-Vocational Guidelines or "Grids" in determining there was other work he could perform in the national economy. ECF No. 7 at 10-14. Specifically, Plaintiff argues that "[t]he guidelines and grids are not controlling in this case and, therefore, cannot be used to direct a conclusion of disabled or not disabled without regard to other evidence such as vocational testimony." *Id.* In the present action, however, the ALJ *did not* rely upon the Grids in determining there was other work in the national economy Plaintiff could perform. (Tr. 69). Instead, the ALJ relied upon the testimony of the VE:

> The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as Machine

    Tender (DOT 524.685-038), with 1,500 such jobs in Arkansas and 119,000 jobs in the national economy; Small Products Assembler (DOT 706.684-022), with 905 such jobs in Arkansas and 74,000 jobs in the national economy; and Housekeeper (DOT 323.687-014), with 1,900 such jobs in Arkansas and 206,000 jobs in the national economy.

(Tr. 69). Therefore, this Court finds Plaintiff's argument on this issue is also without merit.

**4. Conclusion:**

    Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED** this **15th day of May, 2011.**

                                               /s/ Barry A. Bryant
                                               HON. BARRY A. BRYANT
                                               U.S. MAGISTRATE JUDGE